FILED
SUPERIOR COURT
OF GUAM

2018 APR 16 PM 4: 08

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **GERALDINE GUTIERREZ, in her capacity as Administratrix of the Estate of Jose Martinez Torres,**<br><br>Plaintiff,<br><br>vs.<br><br>**THE OFFICE OF THE ATTORNEY GENERAL OF GUAM, and DEPUTY ATTORNEY GENERAL KARL ESPALDON,**<br><br>Defendants. | Case No. CV1132-15<br><br><br>**DECISION AND ORDER** |

**INTRODUCTION**

This matter came before the Honorable Alberto C. Lamorena, III on January 22, 2018 upon Plaintiff Geraldine T. Gutierrez's ("Plaintiff") Motion to Compel. Attorneys Joseph S. Razzano and Joshua D. Walsh represent Plaintiff and Assistant Attorney General Duane J. Sablan represents the Office of the Attorney General ("OAG") and Deputy Attorney General Karl Espaldon ("DAG Espaldon") (collectively, "Defendants"). Having duly considered the parties' briefs, oral arguments and the applicable law, the Court now issues the following Decision and Order and DENIES Plaintiff's Motion to Compel.

**ORIGINAL**

## BACKGROUND

Plaintiff filed the underlying Verified Sunshine Act Complaint ("Complaint") on December 3, 2015 seeking disclosure of records from the OAG pursuant to the Guam Sunshine Reform Act of 1999 ("Sunshine Act"). Plaintiff also requested that fines be imposed for infractions committed by Defendant Espaldon for unjustifiably rejecting disclosure of certain records. See generally, 5 G.C.A. §§ 10101-10113. The OAG filed their Answer to the Complaint on January 29, 2016 while DAG Espaldon filed his Answer on April 15, 2016.

The Complaint arises from requests made by Plaintiff to the OAG for various records related to the following actions, some of which are pending before the Superior Court of Guam: (1) CV1093-06; (2) CV1124-09; (3) CV0454-12; (4) CV1235-12; and (5) PR0220-05/PR0114-08 Consolidated.[1] (Complaint, Ex. A, Dec. 3, 2015.) DAG Espaldon, acting on behalf of the OAG, responded to the request with a series of letters sent to Plaintiff on October 26, 2015 outlining the records that OAG held in its possession and the statutory exemptions that applied relieving the OAG from disclosing such records. (Complaint, Ex. B, Dec. 3, 2015.) In response, Plaintiff wrote a letter to the OAG on November 23, 2015 raising various objections to the privileges asserted by DAG Espaldon. (Complaint, Ex. D, Dec. 3, 2015.) The current lawsuit ensued after the OAG failed to respond to the objections and request for immediate production of records made by Plaintiff in their November 23, 2015 letter.

On April 18, 2016, Defendants submitted records to the Court for in camera review pursuant to 5 G.C.A. § 10111(c).

---

[1] The request for documents related specifically to PR0220-05/PR0114-08 was made on January 25, 2016, after the underlying complaint was filed. DAG responded to this particular request on February 8, 2016. (Razzano Decl., Ex. D, May 31, 2016.)

On May 2, 2016, Defendants submitted a Memorandum in Support of Upholding the Litigation Exemption of the Sunshine Act. Plaintiff submitted a Memorandum in Opposition to Upholding the Litigation Exemption of the Sunshine Act on May 3, 2016, which Defendants replied to on June 13, 2016.

On June 16, 2016, Plaintiff filed a Motion to Compel Deposition of Defendant Espaldon or in the Alternative to Allow Limited Discovery ("Motion to Compel Deposition or Allow Limited Discovery"). The Court denied the motion and ordered the OAG or DAG Espaldon to submit declarations detailing: (a) the scope of the search in response to Plaintiff's request for records; (b) the identification and retrieval procedures used by the OAG; and (c) a description of the records withheld along with the appropriate exemption. (Dec. and Order, Nov. 14, 2016.) DAG Espaldon filed his declaration, in compliance with the Court's order, on November 25, 2016.

Following receipt of the declaration and upon determining that it was sufficient, reasonably detailed, submitted in good faith, and consistent with the Court's instructions, the Court proceeded with conducting an in camera review of the records previously submitted. In on Order issued on July 3, 2017, the Court determined that the OAG properly refused to disclose the documents submitted on April 18, 2016 as they fell under the pending litigation privilege under 5 G.C.A. § 10108(a). (Order, July 3, 2017.) Thereafter, the Court returned the documents to the agency pursuant to 5 G.C.A. § 10111(e). (Withdrawal Receipt, Aug. 11, 2017.)

On November 7, 2017, Plaintiffs filed the instant Motion to Compel requesting therein for an order compelling OAG to produce documents in CV1093-06. Defendants filed an

opposition to the motion on December 5, 2017, which Plaintiff replied to on December 19, 2017.

During a hearing on January 22, 2018, the Court took the matter under advisement based on the briefs submitted.

## DISCUSSION

Defendant moves for an order compelling the OAG to turn over records in CV1093-06 that the Court initially determined were properly withheld from disclosure under 5 G.C.A. § 10108(a), which is referred to herein as the pending litigation privilege.[2] Plaintiff argues that the pending litigation privilege no longer applies because litigation has ended in CV1093-06, specifically, and the parties in that case have settled. (Mot. to Compel at 1, Nov. 7, 2017.) Plaintiff's use of a Motion to Compel as a vehicle to obtain these documents, however, is improper considering that this matter concluded when the Court determined that the documents submitted on April 18, 2016 were properly withheld from disclosure by the OAG.

Pursuant to the 5 G.C.A. § 10111(c), the Court's role in conducting an in camera review of the documents submitted on April 18, 2016 was to determine whether the OAG properly refused to disclose or allow inspection of certain records pursuant to any privileges asserted.

Here, the documents identified and submitted to the Court on April 18, 2016 that were responsive to Plaintiff's initial Sunshine Act requests were initially withheld from disclosure based on the pending litigation privilege, which was asserted as early as October 26, 2015. (Complaint, Ex. B, Dec. 3, 2015.) Defendants continued to maintain that the pending litigation privilege was applicable in various filings before the Court and throughout these proceedings.

---

[2] The litigation privilege excludes from disclosure "[r]ecords pertaining to pending litigation to which the agency is a party[] until the pending litigation has been finally adjudicated or otherwise settled". 5 G.C.A. § 10108(a)

At the time the Court conducted an in camera review of the documents relative to CV1093-06, the Court based its analysis on the record itself, briefing filed by the parties in support of or against disclosure, and oral arguments presented. At no time did either party inform the Court of any change in the status of the documents (or their relevant cases), or that CV1093-06 had purportedly settled.[3] Following the in camera review, the Court determined that the documents were properly withheld from disclosure under the pending litigation privilege. (See Order, July 3, 2017.) Although the Court was unaware at the time the Order was issued in July 2017 that CV1093-06 had purportedly settled, its analysis of the documents was in the context of determining whether the agency's decision to refuse disclosure was properly justified. See 5 G.C.A. § 10111(e).[4] Plaintiff also did not challenge the Court's findings or request for reconsideration of any of the Court's decisions.

Additionally, Plaintiff's argument that the OAG is withholding public records in contravention of this Court's order is simply not true. In finding that disclosure was not required pursuant to the pending litigation privilege, the documents were returned back to the OAG for their safekeeping. The OAG was not ordered to submit any documents relating to CV1053-09 to Plaintiffs once they felt that the pending litigation privilege no longer applied. This is not how disclosures operate under the Sunshine Act. Should Plaintiff seek documents from the OAG concerning CV1093-16 on the basis that the litigation privilege no longer applies given the

---

[3] According to documents attached to Plaintiff's Motion to Compel, CV1093-06 settled as of June 30, 2016. (Mot. to Compel at Ex. A, Nov.7, 2017.) The order which purports to grant the settlement in CV1093-06, however, was not filed as part of CV1093-06. Moreover, court records reveal that CV01093-06 was finally adjudicated as of November 6, 2017, which was after the order regarding the in camera review was issued in this case. See Estate of Jose Martinez Torres et al., Civil Case No. 1093-06, Judgment of Dismissal (Nov. 8, 2017).

[4] Section 10111(e) states as follows: "If the Court finds that the public official's decision to refuse disclosure is not justified...the Court shall order the public official to make the record public. If the judge determines that the public official was justified in refusing to make the record public, the Court shall return the item to the public official without disclosing its content with an order supporting the decision refusing disclosure." 5 G.C.A. § 10111(e)

settlement or conclusion of the case, she should make the request with the OAG and the agency should be allowed time to respond to the request within the statutory timeframe. If the OAG fails to provide the documents as requested pursuant to a proper request under the Sunshine Act, Plaintiff may initiate separate court proceedings under section 10111.[5]

## CONCLUSION

The Court DENIES Plaintiff's Motion to Compel in its entirety. As the Court believes it has satisfied its obligations under the Sunshine Act in determining the disclosure of documents/records that were the subject of the Complaint, judgement will be entered accordingly.

**IT IS SO ORDERED** on this 16th day of April, 2018.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**



---

[5] The parties also dispute as to whether the Motion to Compel was procedurally defective pursuant to the requirements of Rule 26 of the Guam Rules of Civil Procedure. The Court directs the parties to the analysis in its prior decision regarding the disfavored use of discovery tools in actions concerning the request for documents. (See Dec. and Order at 4-5, Nov. 14, 2016.) Nonetheless, it is not necessary for the Court to determine whether the Motion to Compel was procedurally defective pursuant to Rule 26 given its determination herein.